UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

GEORGE SPIGNER,

                                Plaintiff,                9:25-CV-1324
                                                  (AMN/PJE)

        v.

CORRECTION OFFICER MS. C. (JANE DOE) et al.,

                                Defendants.

_____

APPEARANCES:                                 OF COUNSEL:

GEORGE SPIGNER
Plaintiff, pro se
15-A-2286
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

ANNE M. NARDACCI
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff George Spigner ("plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 6 ("IFP Application"). In the complaint, plaintiff asserted claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility ("Mid-State C.F."). *See generally* Compl. In a Decision and Order filed on December 15, 2025 (the "December 2025 Order"), the Court reviewed the sufficiency

of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 10.  Based upon that review, the Court directed a response to the Eighth Amendment failure-to-protect/failure-to-intervene claims against CO Doe C, CO Doe P, and Feraige/Ferage.[1]  *See id.*  The Court dismissed the Eighth Amendment excessive force claims and Eighth Amendment claims related to threats and harassment against defendants Correction Officer Mendoza ("Mendoza") and Sergeant Doe ("Sgt. Doe"), without prejudice. *Id.*  The Clerk of the Court was directed to issue a summons for service upon Feraige.  *Id.* Plaintiff was directed to take reasonable steps through discovery to ascertain the identity of the Doe defendants.  *Id.* at 16.  Plaintiff was advised that his failure to timely serve those defendants would result in dismissal of the claims asserted against them and termination of those defendants from the action.  *See generally* Dkt. No. 10.

On December 16, 2025, a summons was issued to Feraige.  Dkt. No. 12. On January 16, 2026, the Court received a letter indicating that "Mr. Feraige" was not employed at Mid-State C.F.  Dkt. No. 16.  On January 19, 2026, the summons for Feraige was returned unexecuted.  Dkt. No. 18.

In a Decision and Order filed on January 27, 2026 (the "January 2026 Order"), pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court directed the Office of the Attorney General to attempt to ascertain the full name of the defendants, including Feraige/Ferage.  Dkt. No. 27.  The Attorney General's Office was directed, to the extent that it was able to identify the defendants, to provide the addresses where the defendants may be served.  *Id.*

---

[1] In the caption of the complaint, plaintiff referred to defendant as "Feraige." Compl. at 1. In the list of parties, plaintiff referred to defendant as "Ferage." *Id.* at 2. Throughout the complaint and exhibits, plaintiff referred to defendant as Feraige and Ferage, interchangeably. *Id.* at 6, 25.

On February 26, 2026, the Attorney General's Office submitted a response to the January 2026 Order. Dkt. No. 22. In an Order filed March 5, 2026 (the "March 2026 Order"), the Court directed plaintiff to file an amended complaint that correctly identified the defendants in the complaint. Dkt. No. 23. To assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to forward to plaintiff a copy of the complaint. *Id.* Plaintiff was advised that he may identify the defendants by handwriting the names in the appropriate locations on the copy of the amended complaint and indicate in the caption of the document that it is the amended complaint. *Id.* Plaintiff was further advised to caption the document as his amended complaint and submit it to the Court for review. *Id.*

On March 30, 2026, plaintiff submitted an amended complaint. Dkt. No. 24.

## II. REVIEW OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the December 2025 Order and it will not be restated in this Decision and Order. *See* Dkt. No. 10 at 2-4.

### B. Summary of Factual Allegations

With the amended complaint, plaintiff substitutes defendant Correction Officer Jessica L. Carlstedt ("Carlstedt") for C.O. Doe C, Correction Officer Raymond A. Folaji ("Folaji") for C.O. Feraige/Ferage, and Sergeant N. Slate ("Slate") for Sgt. Doe. *See* Am. Compl. at 1.[2] The facts asserted in the amended complaint are identical to those pled in the original

---

[2] The Clerk of the Court is directed to amend the Docket Report accordingly.

complaint.  *Compare* Compl. *with* Am. Compl.  Plaintiff seeks declaratory and injunctive relief and monetary damages.  *See* Compl. at 8-9.

### C. Analysis

#### 1. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer,* 568 F.3d 355, 365-66 (2d Cir. 2009).

It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York,* No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

Accordingly, plaintiff's Section 1983 claims for monetary damages against defendants in their official capacity are dismissed without prejudice and without leave to renew pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted.  *See Kentucky*

*v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities.").

### 2. Eighth Amendment Failure-to-Protect/Failure-to-Intervene Claims

As a result of the review of the original complaint, the Court held that plaintiff's Eighth Amendment failure-to-protect/failure-to-intervene claims against C.O. Doe C, C.O. Doe P, and Feraige required a response.  With the amended complaint, plaintiff repeats those claims against Carlstedt, C.O. Doe P, and Folaji.  Accordingly, for the reasons set forth in the December 2025 Order, the Eighth Amendment claims against Carlstedt, C.O. Doe P, and Folaji survive review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.[3]

### 3. Claims against Mendoza and Slate

---

[3] Plaintiff cannot effect service of process on any corrections officer whose name is not known to plaintiff unless and until the individual has been identified by name. If plaintiff wishes to pursue his claims against C.O. Doe P, he must take reasonable steps to ascertain through discovery the identity of that individual.  Upon learning the identity of an unnamed defendant, plaintiff must amend the operative complaint to properly name the individual as a party.  If plaintiff fails to ascertain the identity of C.O. Doe P as to permit timely service of process, all claims against that individual will be dismissed.

In the December 2025 Order, the Court dismissed plaintiff's claims related to threats and verbal harassment because plaintiff did not allege that he suffered any injury as a result of the alleged harassment.  Dkt. No. 10 at 12.

With the amended complaint, plaintiff repeats and realleges these claims against Mendoza and Slate.  For the reasons set forth in the December 2025 Order, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 24) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall revise the Docket Report in the following manner: (1) add Carlstedt, Folaji, and Slate as defendants in this action; and (2) terminate C.O. Doe C, Feraige, and Sgt. Doe as defendants; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) § 1983 claims for monetary damages against defendants in their official capacity; and (2) claims against Mendoza and Slate; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against Carlstedt, C.O. Doe P, and Folaji survive review and require a response; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and amended complaint to the Attorney

6

General's Office, together with a copy of this Decision and Order via electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall terminate Slate as a defendant; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant C.O. Doe P.  Plaintiff's failure to timely serve the defendant will result in dismissal of the claims asserted against the defendant and termination of the defendant from the action; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**


Dated: <u>April 3, 2026</u>
       Albany, NY

Anne M. Nardacci
U.S. District Judge